IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS MCKEITHAN,                )
                                 )
            Plaintiff,           )
                                 )
     vs.                         )
                                 )   Civil Action No. 06-965.
JEFFREY BEARD, SECRETARY OF      )   Judge Lancaster
CORRECTIONS, et al.,             )   Magistrate Judge Caiazza
                                 )
            Defendants.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by the Defendants L. Yarcgwer, C. Myers and Dr. Herbick (Doc. 36) be granted with respect to all claims except for the claim that Dr. Herbick failed to treat the Plaintiff's pulmonary condition.

### II. REPORT

Dennis McKeithan ("McKeithan" or "the Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"). His Complaint, filed pursuant to the provisions of 42 U.S.C. §1983, details alleged Eighth Amendment constitutional violations with respect to the medical treatment he received -or failed to receive- at SCI-Fayette and the State Correctional Institution at Retreat ("SCI-Retreat"). Presently before the court is a Motion to Dismiss

(Doc. 36) filed by Defendants L. Yarcgwer, a physician's Assistant at SCI-Retreat; Dr. Herbick, a physician at SCI-Fayette; and C. Meyers, a physician's assistant at SCI-Fayette.

A. **The Basis of the Defendants' Motion**

The moving Defendants first assert that this action is barred by the Prison Litigation Reform Act's "three strike rule"[1] and that the Plaintiff is not entitled to proceed in forma pauperis. The sub-part of the statute relied on by the Defendants, however, applies only to cases in which the prisoner/plaintiff seeks to proceed in forma pauperis. Here, McKeithan has paid the filing fee. (Doc. 1, Attach. 1). This argument is meritless.

Next, the moving Defendants assert that the Plaintiff has failed to state a claim under the Eighth Amendment with respect to the management of his medical care. In order to appropriately address this argument, the court has carefully reviewed the Complaint to discern the precise claims alleged against the three moving Defendants.

First, McKeithan alleges that Defendant Yarcgwer charged him co-payments with respect to medications for "dry skin and gas." (Doc. 1 at 34). Next, he claims that Defendant Meyers gave him only three nitroglycerin tablets at one time *and* in an envelope

---

1. Prisoners may not proceed in forma pauperis if they have, on three or more prior occasions, had lawsuits dismissed as frivolous, malicious or for failing to state a claim. 28 U.S.C. §1915(g).

- instead of providing him with a full bottle of tablets. He also alleges that Meyers "discontinued" his treatment for Eczema and charged him a co-payment for gas and hemorrhoid medications. (Doc. 1 at 34). Because of the discontinued medications, McKeithan suffered "itching and scratching." (Doc. 1 at 37). As part of his claim, the Plaintiff alleges that the Defendant, Dr. Herbert, approved Meyers' actions without examining the Plaintiff. (Doc. 1 at 36). Finally, McKeithan claims that he has not received treatment for "a pulmonary disease", although a test resulted in a positive finding. (Doc. 1 at 37).

B. **The Analysis**

Turning to the Plaintiff's first claim, requiring an inmate to make a co-payment does not implicate the Eighth Amendment. Reynolds v. Wagner, 128 F.3d 166, 174-175 (3d Cir. 1997)("the deliberate indifference standard of Estelle [v. Gamble, 429 U.S. 97 (1976)] does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society . . .").

The Plaintiff also complains that his constitutional rights have been violated because he is not permitted to store his nitroglycerin pills in a bottle. Instead, he is provided three pills at one time which he keeps in an envelope. In Wayne v. Barowsky, 175 Fed. Appx. 822 (9th Cir. 2006), the court affirmed the grant of summary judgment with respect to a claim that


prison officials did not permit a prisoner to keep *any* of his heart medication in his cell. The court found that even if there was a delay in administering medication, it was "insufficient to demonstrate deliberate indifference . . . ". Id. at 824. See also, Brady v. Hegge, 221 F.3d 1347 (9th Cir. 2000)(affirming dismissal of claim that dispensing medication at clinic rather than cell violated Eighth Amendment); Wayne v. Kempthorn, 2005 WL 1631063 (D. Idaho 2005)(not allowing prisoner to self-medicate with nitroglycerin does not rise to the level of deliberate indifference).

Clearly, if prison officials can deny prisoners the right to self-medicate altogether, McKeithan does not state a claim of deliberate indifference by alleging that he was not permitted free access to his heart medication. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle, 429 U.S. at 105. At most, McKeithan disagrees with the manner in which his medication is being dispensed. That said, he has no constitutional right to dictate the manner in which medication is dispensed -especially in the prison context. See Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1982)(superceded by statute on other grounds)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section

1983).

The Plaintiff also claims that he was denied medication for skin, gas and hemorrhoid maladies. In his Complaint, he identifies the resulting injury as "itching and scratching" from his dry skin. Much more, however, is required to support an Eighth Amendment claim. The denial of medical treatment must result in "an unnecessary and wanton infliction of pain" or be "repugnant to the conscience of mankind." Estelle, 429 U.S. at 105-106. "[T]o state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105. The refusal to dispense "bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue . . . does not by its refusal violate the Constitution." Cooper v. Casey, 97 F.3d 914, 916 (7th Cir.1996); see also, Gibson v. McEvers, 631 F.2d 95 (7th Cir.1980)(a failure to treat symptoms of a common cold does not violate Eighth Amendment). In considering whether an injury is serious, the court must also consider whether "denial or delay causes an inmate to suffer a life-long handicap or permanent loss." Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) cert. denied 486 U.S.1006 (1988).

Juxtaposed with the relevant law, the Defendants' failure to provide the Plaintiff with ointment and hemorrhoid medication

which caused "itching and scratching" does not rise to the level of an Eighth Amendment constitutional violation.

Finally, McKeithan asserts that he suffers from a "pulmonary disease" identified through a test ordered by Dr. Herbick in January, 2006. He claims that he has not been provided treatment because Dr. Herbick believes the test result is "not significant." Dr. Herbick counters by arguing that the Plaintiff has not stated a claim for deliberate indifference. Admittedly, the Plaintiff's allegations with respect to his pulmonary condition are sparse. Nonetheless, McKeithan is proceeding pro se and no matter "however inartfully pleaded", his Complaint is subject to liberal review. Haines v. Kerner, 404 U.S. 519, 520 (1972). This standard means that a pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21. As distinguished from the other claims discussed here, a pulmonary disease is serious on its face and McKeithan should be afforded the opportunity to show that his complaint is based upon more that a disagreement on a treatment regime.

C. **Summary**

It is respectfully recommended that the Motion to Dismiss filed by Defendants Yarcgwer, Myers and Herbick (Doc. 36) be granted with respect to all claims against the moving defendants

- except for the claim that Dr. Herbick has refused to further test or treat the Plaintiff's pulmonary condition.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 29, 2007. Responses are due by June 8, 2007.


May 10, 2007                         s/Francis X. Caiazza
                                     Francis X. Caiazza
                                     United States Magistrate Judge

cc:

DENNIS MCKEITHAN L2-15
SCI Fayette
Box 9999
Labelle, PA 15450